The undersigned have reviewed the record and the prior Decision and Order filed by Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or amend the Decision and Order.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following:
 FINDINGS OF FACT
1. Plaintiff is an inmate in the N.C. Department of Correction and was housed at Central Prison in Raleigh, North Carolina at the time of the hearing before the Deputy Commissioner.
2. Plaintiff alleged he suffered a nosebleed and damage to his nose as a result of Central Prison nurse Yvonne Tobin using two ammonia inhaler capsules on plaintiff by placing them at the opening of each of plaintiffs nostrils.
3. On February 19, 1997, plaintiff was brought into the Emergency Room at Central Prison Hospital between 5-6:00 p.m. He was apparently unconscious and Nurse Tobin decided to use ammonia capsules to evaluate plaintiffs unconsciousness. Nurse Tobin broke open the capsules and placed them partially in the nostrils of plaintiff and held her hand over plaintiffs mouth. Plaintiff quickly became more alert and blew one capsule from his nostril. Plaintiff improved to the extent that he did not want to receive further treatment and tried unsuccessfully to leave the hospital that night.
4. The next day, plaintiff suffered a nosebleed. On February 21, 1997, plaintiff had the inside of his nose catheterized. Since February 1997 plaintiff has not received medical treatment for his nose and there is no evidence of permanent injury to plaintiffs nose.
5. At the time of Nurse Tobins actions on February 19, 1997 there was no protocol at Central Prison Hospital prohibiting the use of the ammonia capsules in the way Nurse Tobin used them. Nurse Tobin had worked ten years as a nurse and learned how to use the ammonia capsules by being instructed to do so by medical doctors and other nurses. Nurse Tobin had previously worked at Wake Memorial Hospital, Raleigh Community Hospital, Western Wake Hospital, and Nash General Hospital, and had performed and had seen performed the placement of ammonia capsules at the entrance to the nostrils without any criticism from doctors or other medical professionals. These other hospitals had no protocol prohibiting this medical practice.
6. Nurse Donna Crawford testified that she had twenty years of Emergency Room experience at Raleigh Community Hospital, and that during this time the placement of ammonia capsules partially in the nostrils was an acceptable and common medical practice. Nurse Crawford had never been reprimanded or seen other nurses reprimanded for performing this procedure. Both Nurse Crawford and Nurse Tobin testified that they were unaware of any patient suffering harm from this use of ammonia inhalers.
7. Plaintiff did not present any evidence of any breach of nursing care standards or breach of protocol by Nurse Tobin, or causation between the actions of Nurse Tobin and the subsequent nosebleed.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of evidence that Nurse Tobin or any other state employee was negligent in the placing of the ammonia capsules partially in his nose on February 19, 1997. Plaintiff failed to prove any causal link between the actions of Nurse Tobin and his nosebleed a day later or other difficulties with his nose.
2. Plaintiff failed to present any evidence of damage to his nose.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. Under the law, plaintiffs claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This is the ___ day of March, 2001.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER